# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WATSON POLAND | : | CIVIL ACTION |
| v. | : | |
| RAYMOND LAWLER, et al. | : | NO. 10-0313 |

## MEMORANDUM AND ORDER

L. FELIPE RESTREPO                                                                    MAY 7, 2010
UNITED STATES MAGISTRATE JUDGE

    Petitioner, Watson Poland, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Before the Court is petitioner's request for appointment of counsel (Doc. 10) and petitioner's motion for discovery (Doc. 15).

    "There is no constitutional right to counsel in a federal habeas corpus proceeding." Watson v. United States, 1997 WL 667152, *4 (E.D. Pa. Oct. 3, 1997) (citing Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)). Moreover, "[i]n § 2254 cases, counsel is ordinarily appointed only where there is an evidentiary hearing, see Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts ('habeas rules'), unless 'justice so requires.'" See Lambert v. Frank, 2000 WL 1022977, *3 (E.D. Pa. July 18, 2000) (quoting 18 U.S.C. § 3006A) (parenthetical added) (Pollak, J.); see also 28 U.S.C. foll. § 2254, Rule 8(c). Here, upon review of petitioner's submissions to the Court, the record does not reflect an inability on the part of petitioner to understand the issues and address them in a coherent manner. See, e.g., Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5. Furthermore, at this stage in the proceedings, it appears that this case may be resolved based on the record before the Court without an evidentiary hearing. See Lambert, 2000 WL 1022977, at

*3 (citing 28 U.S.C. foll. § 2254, Rule 8). Since justice does not require the appointment of counsel in this case, the request for counsel is denied. See Lambert, 2000 WL 1022977, at *3; see also Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5.

With respect to petitioner's request for leave to take discovery, Rule 6 of the habeas rules provides in pertinent part: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." 28 U.S.C. foll. § 2254, Rule 6(a). Thus, unlike other federal civil litigants, discovery is available in habeas proceedings not as a matter of course, but only if the habeas petitioner shows "good cause." See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230 (1994); U.S. ex rel. Adonai-Adoni v. Prison Health Servs., 2007 WL 2407281, *1 (E.D. Pa. Aug. 20, 2007) (Pollak, J.).

In this case, petitioner has failed to make any specific allegations which give the Court reason to believe that he may be able to demonstrate through further discovery that he is entitled to relief. See Bracy, 520 U.S. at 908-09; Adonai-Adoni, 2007 WL 2407281, at *1. Nor has he pointed to specific evidence that might be discovered that would support his habeas claims. See Deputy, 19 F.3d at 1493; Adonai-Adoni, 2007 WL 2407281, at *1. Since petitioner has failed to establish "good cause," his request for leave to take discovery is denied. See Deputy, 19 F.3d at 1493; Gibbs, 154 F.3d at 258-59; Adonai-Adoni, 2007 WL 2407281, at *1.

An implementing Order follows.