UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WATSON POLAND, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:10-cv-0313 |
| | : | |
| RAYMOND LAWLER; | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA; and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA, | : | |
| Respondents. | : | |

**O P I N I O N**
**Motion for Relief pursuant to Rule 60(b), ECF No. 35 – Dismissed**

**Joseph F. Leeson, Jr.**                                                                **July 14, 2026**
**United States District Judge**

## I.    INTRODUCTION

In June 2012, the court denied and dismissed Petitioner Watson Poland's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenged his murder convictions in the Philadelphia County Court of Common Pleas.  Now pending is Poland's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6).  For the reasons set forth herein, the Motion is dismissed.

## II.    BACKGROUND

"On October 27, 1998, following a bench trial in the Court of Common Pleas of Philadelphia, [Poland] was convicted of four (4) counts of first degree murder, arson, risking a catastrophe, criminal conspiracy, and four (4) counts each of attempted murder, aggravated assault, simple assault, and recklessly endangering another person."  R&R 1, ECF No. 21.  The charges arose from a house fire on October 8, 1996, in which one adult and three children were

1

killed.  *Id.*  A month after his conviction, Poland was sentenced to four (4) consecutive terms of life in prison for the murders, a consecutive ten to twenty (10-20) years for arson, and a consecutive five to ten (5-10) years for each attempted murder conviction.  *Id.* at 1-2.  The judgment of sentence was affirmed on direct appeal.  *See id.*

On October 16, 2001, Poland filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA").  *See id.* at 3.  Counsel was appointed but subsequently filed a "no-merit" letter averring there were no issues of arguable merit that could be raised in a PCRA petition.  *See id.*  The PCRA court dismissed the petition on November 26, 2002, and counsel was permitted to withdraw.  *See id.* at 3-4.  On appeal, the Pennsylvania Superior Court concluded that PCRA counsel had been improperly permitted to withdraw, and remanded with instructions to appoint new PCRA counsel.  *See id.* at 4.  Newly appointed PCRA counsel filed an amended petition, which was dismissed on August 28, 2007.  *See id.*  The dismissal was affirmed on appeal, a petition for allowance of appeal was denied, and a writ of certiorari was denied on April 29, 2009.  *See id.*

On January 25, 2010, Poland filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-captioned action.  *See* Pet., ECF No. 1.  He claimed that:

> 1.　　his confession was involuntary because, when he gave it, he had been held in custody for thirteen hours, and he was under the influence of drugs and alcohol;
> 2.　　the admission of his confession violated his Fifth Amendment privilege against self-incrimination because, when he confessed, he had spent thirteen hours in custody, he was intoxicated, and he was suffering from "frontal lobe syndrome";
> 3.　　his conviction was unlawful as a matter of Pennsylvania law because it was based on witness testimony that was contradicted by "incontrovertible physical facts"; and
> 4.　　trial counsel rendered ineffective assistance because:
> > (a)　　counsel did not investigate the crime scene or forensic evidence,
> > (b)　　counsel did not file a motion to suppress Petitioner's confession, and
> > (c)　　counsel did not raise a diminished capacity defense based on Petitioner's alleged intoxication and mental impairment.

070926

R&R 9.  After the petition was fully briefed, *see* ECF Nos. 5, 14, 17, Magistrate Judge L. Felipe Restrepo issued a Report and Recommendation ("R&R") on May 29, 2012, recommending that claims 1, 2, 4(b), and 4(c) be denied on their merits and that claims 3 and 4(a) be dismissed as procedurally defaulted based on Poland's failure to exhaust, *see generally id.*  On June 18, 2012, Judge Berle M. Schiller approved and adopted the R&R.  ECF No. 24.  Poland timely filed an appeal.  *See* ECF No. 25.  On March 26, 2013, the Third Circuit Court of Appeals denied Poland's application for a certificate of appealability because he had not shown that reasonable jurists would find the District Court's conclusions debatable or wrong.  *See* ECF No. 29.

On January 5, 2015, in the above-captioned action, Poland filed a pro se Motion to Vacate Judgment pursuant to Rule 60(b), arguing that PCRA counsel's failure to preserve the trial counsel ineffectiveness claims excused the procedural default pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  *See* ECF No. 32.  That motion was denied on June 1, 2015.  ECF No. 33.  In denying the motion, Judge Schiller determined that it was untimely because the Supreme Court filed its opinion in *Martinez* on March 20, 2012, but Poland did not file the Rule 60(b) motion until January 5, 2015, almost three (3) years later.  *See id.* ("As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances excuse the [party's] failure to proceed sooner.' *Ortiz v. Pierce*, No. 08-4877, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014 (citing *Ackerman v. United States*, 340 U.S. 193, 202 (1950))").  It was further determined that Poland failed to present any extraordinary circumstances to justify his delay.  *See id.*

On or about May 5, 2026, more than fourteen (14) years after the habeas decision and more than eleven (11) years after the denial of his first Rule 60(b) motion, Poland filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6).  *See* Mot., ECF No. 35.  The Motion asserts constitutional violations before and at

trial, including ineffectiveness of trial counsel and an alleged "deliberate falsehood" by a Commonwealth witness at trial. *See* Mot. 3-9. Notably, however, Poland does not contend that he was previously unaware of the alleged violations and, also, the most recent law he cites is a decision from 2021. *See id.* at 5. The case was reassigned to the Undersigned on May 6, 2026. *See* ECF No. 39.

## III.   LEGAL STANDARDS

### A.   Motions under Fed. R. Civ. P. 60 – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A "reasonable time" to file a motion under Rule (60)(b)(6) "is generally no more than a year after the entry of the judgment or order or the date of the proceeding." *See Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (internal quotations omitted)).

"To prevail on a Rule 60(b)(3) motion, the moving party must establish, by clear and convincing evidence, that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting her case." *Dougboh v. Cisco Sys.*, 726 F. App'x 914, 915-16 (3d Cir. 2018) (internal citations omitted).  A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535.  The movant bears a heavy burden of proof that extraordinary circumstances are present.  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

**B.      Successive Habeas Petitions, 28 U.S.C. § 2254 – Review of Applicable Law**

"The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as 'AEDPA,' and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus." *Strother v. Nardolillo*, No. 07-cv-2165, 2007 U.S. Dist. LEXIS 61127, at *1 (E.D. Pa. Aug. 20, 2007).  A person in custody pursuant to the judgment of a state court may challenge the validity or execution of his sentence pursuant to 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Before a second or successive § 2254 petition may be filed, the petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction.  *See Pelullo v. United States*, 487 Fed. App'x 1, 2 n.2 (3d Cir. 2012).  "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of

appeals pursuant to 28 U.S.C. § 1631."[1]  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied* 540 U.S. 826 (2003).

## IV.    ANALYSIS

### A.    The Motion, which is more properly construed as a successive petition pursuant to 28 U.S.C. § 2254, is dismissed for lack of jurisdiction.

"When a motion is filed in a habeas case under a Rule 60(b) . . . label, the district court must initially determine whether the motion is actually a 'second or successive' habeas petition within the meaning of § 2244(b)."  *Davenport v. Brooks*, No. 06-5070, 2014 U.S. Dist. LEXIS 51047, at *10-11 (E.D. Pa. Apr. 14, 2014).  It is "the function of the motion, not its caption" that controls.  *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984).  Because the instant Motion for Relief alleges violations during the state-court proceedings, and not the federal habeas proceedings, it is more properly construed as a habeas petition pursuant to 28 U.S.C. § 2254.  *See Wooden v. Terra*, No. 2:23-cv-1366, 2025 U.S. Dist. LEXIS 252887, at *10 (E.D. Pa. Dec. 3, 2025) (concluding that to the extent the petitioner's motion under Rule 60(b)(3) "broaches the same ineffectiveness arguments as his habeas petition, he improperly presents a successive 2254 Motion").

Poland previously filed a § 2254 petition, which was considered on its merits and denied. Accordingly, the Motion for Relief is a successive petition under § 2254.  *See United States v. Fake*, 416 Fed. App'x 134, 136 (3d Cir. 2011) (holding that where an earlier § 2255 motion was denied on the merits, "any subsequent § 2255 motion filed by [the petitioner] is second or successive" and requires leave from the court of appeals before filing).  "[C]ase law emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the

---

[1]    *See* 28 U.S.C. § 1631 (providing: if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed")

filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013).  "'Rule 60(b) has an unquestionably valid role to play in habeas cases,' but it does not allow petitioners to file second or successive petitions." *Williams v. Larkins*, No. 98-6782, 2023 U.S. Dist. LEXIS 121987, at *5 (E.D. Pa. July 14, 2023) (quoting *Gonzalez*, 545 U.S. at 534).

Poland did not have permission from the Court of Appeals to file a successive petition. Accordingly, this Court does not have jurisdiction to entertain the instant Motion and must either dismiss it or transfer it to the Third Circuit Court of Appeals for consideration as a request for leave to file a successive habeas petition.  *See Robinson*, 313 F.3d at 139 ("Unless the court of appeals grants such permission, the district court may not consider the second or successive petition."); *Payne v. Bickell*, No. 14-CV-2198, 2022 U.S. Dist. LEXIS 82228, at *10 (E.D. Pa. May 5, 2022) ("Pursuant to 28 U.S.C. § 2244(b)(2), a federal court lacks jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion."). Because the Motion does not present any new evidence or arguments, and the Third Circuit previously denied Poland's request for a certificate of appealability, this Court finds that it would not be in the "interest of justice" to transfer this action.  *See Robinson*, 313 F.3d at 128 (concluding "that it would not be in the interest of justice to transfer this case to the Third Circuit because that court already considered and denied Petitioner's request to file a second or successive habeas petition asserting the same arguments presented here").  Poland's vague allegations of actual innocence do not alter this conclusion.  *See Graves v. Allegheny Cnty. DA*, No. 2:25-cv-1976, 2026 U.S. Dist. LEXIS 117533, at *2-3 (W.D. Pa. May 28, 2026) (holding that the petitioner's claims of actual innocence and miscarriage of justice had to be presented to the Court of Appeals in order to obtain permission to file a second or successive petition on this basis); *Clark v. Wetzel*, No. 10-3164, 2023 U.S. Dist. LEXIS 170037, at *38 (E.D. Pa. Sep. 25,

070926

2023) ("Should Clark believe he can make the requisite showing of actual innocence, he must do so by seeking authorization from the Third Circuit to file a second or successive habeas petition."). The Motion for Relief, which is construed as an unauthorized successive habeas petition, is dismissed for lack of jurisdiction. *See Graves*, 2026 U.S. Dist. LEXIS 117533, at *2-3 (dismissing the petition for lack of jurisdiction because it was an unauthorized second or successive petition); *Clark*, 2023 U.S. Dist. LEXIS 170037, at *39-42 (concluding that the Rule 60(b)(6) motion was a second or successive habeas petition and dismissing it for lack of jurisdiction because the petitioner failed to first receive authorization from the Third Circuit before filing).

### B. The Motion, if considered under Rule 60(b), is dismissed as untimely.

It also appears that this Court lacks jurisdiction to consider Poland's Motion for Relief pursuant to Rule 60(b) because he does not challenge a defect in the habeas proceedings; rather, he contends that his rights were violated during the state-court proceedings, before and after trial. *See United States v. Aviles*, No. 1:15-181, 2025 U.S. Dist. LEXIS 28912, at *8 (M.D. Pa. Feb. 19, 2025) ("A court has jurisdiction over [a] Rule 60(b) motion that attacks 'some defect in the integrity' of prior habeas proceeding." (quoting *Gonzalez*, 545 U.S. at 532)).

Assuming arguendo, however, that this Court has jurisdiction to consider the Motion under Rule 60(b) and that it is not a successive habeas petition, the Motion is untimely. On June 18, 2012, Poland's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied on its merits, in part, and dismissed as procedurally defaulted, in part. Approximately fourteen (14) years later, Poland filed the instant Motion for Relief from Judgment.

To the extent the Motion seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and (3) it is untimely because it was not brought within the one-year period of limitations. *See* Fed. R. Civ. P. 60(c)(1); *Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011)

("Motions under Rule 60(b)(1)-(3) must be brought within one year of the entry of a final judgment. An appeal does not toll this time period.").  The Motion, to the extent it seeks relief pursuant to Rule 60(b)(1) and (3), is therefore dismissed as untimely.  *See Wooden*, 2025 U.S. Dist. LEXIS 252887, at *6-7 (dismissing the motion pursuant to Rule 60(b)(1) and (b)(3), which was brought two weeks after one-year anniversary of the order denying and dismissing the habeas petition, as time-barred).[2]

To the extent the Motion seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), it too is untimely.  *See Lloyd v. Presby's Inspired Life*, 834 F. App'x 771, 773 (3d Cir. 2020) (A "party generally may not invoke Rule 60(b)(6) to evade application of the one-year time limitation prescribed for (b)(2) and (b)(3).").  Fourteen (14) years after the Order disposing of the habeas petition is clearly not within a reasonable time.  *See Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that the Rule 60(b)(6) motion brought almost two years after the district court's initial judgment was not made within a reasonable time); *Riley v. May*, No. 04-1435-CFC, 2024 U.S. Dist. LEXIS 7525, at *11-12 (D. Del. Jan. 16, 2024) (finding "that Petitioner's 16-year delay in filing does not satisfy Rule 60(b)(6)'s 'reasonable time' requirement").  Moreover, Poland has not demonstrated extraordinary circumstances excusing his delay.  *See Montanez v. Kauffman*, No. 19-2970, 2023 U.S. Dist. LEXIS 107575, at

---

[2]    If the Motion pursuant to subsections (1) and (3) was not dismissed as time-barred, it would be denied on the merits because Poland, who complains only of violations surrounding his arrest and state-trial proceedings, *see* Mot. 4-9, has not established "mistake, inadvertence, surprise, or excusable neglect" relating to the habeas decision, nor has he shown fraud, misrepresentation, or misconduct by an opposing party during the habeas proceedings, *see Kieffer v. Allenwood*, 642 F. App'x 77, 79 n.3 (3d Cir. 2016) (denying the Rule 60(b)(1) motion because the petitioner "failed to show any mistake that called the validity of the prior [habeas] judgment into doubt"); *Gonzalez v. Smith*, No. 20-2844-KSM, 2023 U.S. Dist. LEXIS 95872, at *14 (E.D. Pa. June 1, 2023) ("The remainder of the issues Gonzalez raises also fail to meet the Rule 60(b)(3) standard because they are alleging fraud in state court proceedings, not fraud on the habeas federal court.").

*5 (E.D. Pa. June 21, 2023) ("Generally, Rule 60(b)(6) motions are untimely if filed more than one year after final judgment, absent 'extraordinary circumstances' excusing the movant's delay.").  Although he vaguely suggests that he is actually innocent, he does not offer any specific evidence and his arguments are based on alleged violations that occurred at or before his trial on October 27, 1998.  Poland therefore had the ability to raise his claims on direct appeal, in his PCRA petition, or in his habeas petition.  He offers no explanation, let alone shown extraordinary circumstances, that would justify his lengthy delay.[3]  *See Gonzalez*, 545 U.S. at 535 (holding that extraordinary circumstances "rarely occur in the habeas context"); *United States v. Eleazer*, No. 12-408-02, 2014 U.S. Dist. LEXIS 63510, at *6 (E.D. Pa. May 8, 2014) (denying the Rule 60(b)(6) motion because the arguments raised therein were essentially a reiteration of those presented in the § 2255 motion).  Accordingly, the Motion, to the extent it seeks relief pursuant to Rule 12(b)(6), is dismissed as untimely.  *See Moolenaar*, 822 F.2d at 1348 (dismissing the Rule 60(b)(6) motion filed almost two years after the district court's initial judgment as untimely).

## V.      CONCLUSION

Poland's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6) challenges his state-court conviction and is therefore properly construed as a § 2254 habeas petition.  Because this Court previously denied relief under § 2254 and Poland did not obtain permission from the Third Circuit Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider his claims.  This Court also lacks jurisdiction to consider Poland's Motion under Rule 60(b) because he does not allege a defect in the habeas proceedings.

---

[3]      For the same reasons, his motion would be denied on its merits.  *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) ("Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.").

Regardless, his request for relief under Rule 60(b), which was brought fourteen (14) years after his first habeas petition was denied, is untimely.  For all these reasons, the Motion for Relief is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

070926